IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-253-M-RN

EPHRAIM DEMONS,

    Plaintiff,

v.

DEPARTMENT OF VETERANS
AFFAIRS, et al,

    Defendants.

ORDER

This matter comes before the court on Plaintiff's response to the Clerk's notice of failure to make service [DE 11], as well as PHH Mortgage Corporation's ("PHH") purported entrance into this action [DE 5] and Motion to Dismiss [6]. In light of Plaintiff's proof of service of process on "Ocwen Financial Corporation," DE 11-1 at 1, as well as PHH's representation that Ocwen, after a merger, "is now known as PHH Mortgage Corporation," DE 7 at 1 n.1, and that PHH "is the proper party to respond to the Complaint," *id.*, the court FINDS that Plaintiff has properly served Defendant Ocwen, but ORDERS Plaintiff, by September 29, 2023, to amend his Complaint and name PHH as a Defendant. *See* Fed. R. Civ. P. 21 (allowing court to add party "on just terms"); *see also* Fed. R. Civ. P. 15(a)(2); DE 12 at 2 (Plaintiff expressing his desire "to add PHH . . . to the list of Defendants in this Case").

Additionally, the court FINDS that PHH, by merely entering a notice of appearance and filing the Motion to Dismiss, has not properly moved to enter this action. *See, e.g.*, Fed. R. Civ. P. 24(a)(2) (permitting intervention as of right to true party in interest); Fed. R. Civ. P. 25(c) (authorizing, after transfer of interest, action to proceed against transferee "on motion").

Accordingly, the Motion to Dismiss is DENIED without prejudice to PHH properly moving to enter this action and re-raising the arguments it makes in the Motion to Dismiss. At that time, PHH may also address the propriety of Ocwen remaining as a named Defendant.

SO ORDERED this 18th day of September, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE